# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Amanda Land, ) | Case No. 2:21-cv-1883-RMG |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER AND OPINION** |
| v. ) | |
| ) | |
| Brooks Barlow, in his official and ) | |
| individual capacities, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 37) recommending that the Court grant Defendant Berkeley Electric Cooperative, Inc. ("BEC")'s motion to dismiss (Dkt. No. 27). For the reasons set forth below, the Court adopts the R&R as the Order of the Court and grants BEC's motion to dismiss.

## I.   Background and Relevant Facts

In her Second Amended Complaint ("SAC"), Plaintiff alleges that around May 23, 2018, Defendants Brooks Barlow, Sheriff Duane Lewis, Chief Rick Ollic, the Town of Moncks Corner ("Moncks Corner"), and the Berkeley County Sheriff's Office ("BCSO") worked with a BEC meter-reader to enter the property of Plaintiff's neighbor and conduct a warrantless search for marijuana. During the search of the neighbor's property, Defendants asked to search Plaintiff's property. Plaintiff consented and Barlow and BEC's employee searched Plaintiff's home. Though no evidence of marijuana was found, nor anything seized from Plaintiff's property, Plaintiff was arrested and incarcerated by BCSO and Moncks Corner based on evidence and information obtained through the search of the neighbor's property. Agents of BCSO and Moncks Corner held charges against Plaintiff for three years before dismissing them around April 21, 2021. (Dkt. No. 22 ¶¶10-16).

Against BEC, Plaintiff brings claims for (a) unlawful search and seizure in violation of the Fourth Amendment under 42 U.S.C. § 1983; (b) negligence/gross negligence; (c) invasion of privacy; (d) intentional/negligent infliction of emotional distress; and (e) conspiracy.

BEC moves to dismiss all claims asserted against it. (Dkt. No. 27). Plaintiff opposes. (Dkt. No. 33). BEC filed a reply. (Dkt. No. 34).

On November 17, 2021, the Magistrate Judge filed an R&R recommending that BEC's motion be granted. Plaintiff filed timely objections, (Dkt. No. 37), to which BEC filed a reply, (Dkt. No. 43).

BEC's motion is fully briefed and ripe for disposition.

## II.    Legal Standards

### a.   Fed. R. Civ. P. 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." A claim survives the motion if the complaint provides enough facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This is a test of the legal sufficiency of the complaint and, therefore, Rule 12(b)(6) "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Instead, the district court's "inquiry then is limited to whether the allegations constitute a short and plain statement of the claim showing that the pleader is entitled to relief." *Id*. (internal quotation marks and citation omitted). For that analysis, the district court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments"; however, it must "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the

complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

### b. The Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiff filed objections to the R&R, the R&R is reviewed *de novo*.

## III.  Discussion[1]

After a careful review of the R&R, the SAC, and Plaintiff's objections, the Court finds that the Magistrate Judge correctly determined that BEC's motion to dismiss should be granted in full. The Court discusses each of Plaintiff's claims in turn.

**§ 1983 Claim for Unlawful Search and Seizure in Violation of the Fourth Amendment (Count II)**

---

[1] The Court views all well-pled allegations in the SAC in a light most favorable to Plaintiff, the nonmoving party.

The Magistrate Judge recommended dismissing Plaintiff's § 1983 against BEC because, per the allegations in the SAC, BEC did not act under "color of law" and because Plaintiff failed to allege a Fourth Amendment violation for which she had standing to sue.

The Court finds that the Magistrate Judge ably addressed the issues and correctly found that Plaintiff's § 1983 against BEC must be dismissed. As noted in the R&R, the SAC alleges that BEC, a nonprofit, performed an illegal search of Plaintiff's neighbor's property "at the *instruction* of Defendant BCSO's agents and Defendant Moncks Corners agents." (Dkt. No. 22 ¶¶ 6, 10) (emphasis added); Ex. 2 to SAC, (Dkt. No. 22-1 at 1) (email from assistant solicitor to Plaintiff stating "I discovered DEU *instructed the meter reader* to go on the defendant's property and search for marijuana without a warrant") (emphasis added). As BEC was acting at the instruction of other Defendants, it cannot be considered to have acted under color of law for purposes § 1983. *See Harvey v. Plains Township Police Dept.*, 421 F.3d 185, 196 (3rd Cir. 2005) (noting that compulsion by the state negates the presence of willfulness, and "a private citizen acting at the orders of a police officer is not generally acting in a willful manner, especially when that citizen has no self-interest in taking the action"). Further, and more fundamentally, the Magistrate Judge correctly noted that because a Fourth Amendment claim requires one to possess a personal and legitimate expectation of privacy in the premises, *see, e.g.*, *Minnesota v. Olson.*, 495 U.S. 91, 96-96 (1990), Plaintiff's claim failed because it attempted to base such an interest in the property of *her neighbor*, *see, e.g.*, *Rakas v. Illinois*, 439 U.S. 128, 133-34 (1978) ("A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed."). Plaintiff objected to this finding.

The Court overrules Plaintiff's objections. In her objections, Plaintiff states that she "disagree[s] with the Report's interpretation of the phrase 'DEU *instructed* the meter reader' to mean that the meter reader's actions were not coerced and not voluntary." (Dkt. No. 42 at 3). Plaintiff also argues, without explanation, that *Harvey*, 421 F.3d 185 (concluding that landlord, who unlocked the front door to plaintiff's apartment "at the direction and with the permission of" law enforcement in furtherance of a warrantless search, was not a state actor for purposes of a § 1983 claim), is distinguishable from the instant matter because BEC is the "lynchpin" of the "fraudulent scheme whereby probable cause is manufactured." Regardless of the merits of either of these objections, neither overcomes the fact that Plaintiff cannot assert a Fourth Amendment violation based on the illegal search of a third party's property.

Accordingly, Plaintiff's objections are overruled, and the Court dismisses Plaintiff's § 1983 claim against BEC.

**Negligence/Gross Negligence (Count IV)**

Next, the Magistrate Judge recommended dismissing Plaintiff's negligence claim against BEC because, to the extent BEC was negligent in how it "deal[t] with the rights of property owners," (Dkt. No. 22 ¶ 74(c)), BEC is only alleged to have acted negligently toward the property rights of Plaintiff's *neighbor*. *See* (*id.* ¶¶ 11-12) (alleging that "Defendants asked to search Plaintiff's property" and that "[p]ermission was granted").

The Court finds that the Magistrate Judge ably addressed the issues and correctly found that Plaintiff's negligence claim must be dismissed because BEC is not alleged to have breached any duty owed to Plaintiff. *South Carolina State Ports Auth. v. Booz-Allen & Hamilton, Inc.,* 289 S.C. 373 (1986) (To establish a cause of action for negligence, a plaintiff must show, inter alia, a duty of care owed by the defendant to the plaintiff and a breach of that duty). While Plaintiff

objected to this finding, Plaintiff does not substantively dispute the Magistrate Judge's conclusion that any alleged breach of duty by BEC regarding "property entry" was directed at Plaintiff's neighbor, a third-party. *See, e.g.*, Plaintiff's Objections, (Dkt. No. 42 at 5) ("As discussed previously, the Magistrate's Report again explains that Plaintiff has no expectation of privacy in her neighbor's property, this time with regard to Plaintiff's negligence/gross negligence claim. Respectfully, we believe this misses the point. It is not the expectation of privacy in her neighbor's property, but instead the expectation of privacy in her own person and property, which was violated through the negligent actions of Defendant's employees."). Accordingly, the Court overrules Plaintiff's objections and dismisses Plaintiff's negligence/gross negligence claim against BEC.

**Invasion of Privacy**

Next, the Magistrate Judge recommended dismissing Plaintiff's invasion of privacy claim for wrongful intrusion into private affairs.

To state a claim for wrongful intrusion into private affairs, Plaintiff must allege facts showing: (1) an intrusion; (2) into that which is private; (3) which is substantial and unreasonable; and (4) intentional. *Snakenberg v. Hartford Cas. Ins. Co.*, 383 S.E.2d 2, 5 (S.C. Ct. App. 1989).

The Court finds that the Magistrate Judge ably addressed the issues and correctly found that Plaintiff's invasion of privacy claim against BEC must be dismissed. As the Magistrate Judge correctly noted in the R&R, Plaintiff's SAC lacks allegations that the BEC meter-reader engaged in any intrusive conduct. Instead, the SAC explicitly alleges that Plaintiff granted BEC permission to enter her property. *See supra.* The SAC also lacks facts showing that the *BEC meter-reader* searched Plaintiff's person following her arrest, as opposed to other Defendants. *See* (Dkt. No. 22 ¶ 13) ("Plaintiff was arrested and incarcerated by the Defendants BCSO and Moncks Corner[.]"). While Plaintiff objected to this finding in general terms, (Dkt. No. 42 at 6-7), Plaintiff does not

substantively contest the Magistrate Judge's dispositive findings, (*id.* at 6) (arguing that "[w]hile Plaintiff does not dispute that Plaintiff granted permission for officers to search her home, she did not give permission to Defendant's employees to search for drugs [on her neighbor's property] and concoct a fraudulent warrant with no probable cause or any legitimate foundation whatsoever.").

Accordingly, Plaintiff's objections are overruled, and the Court dismisses Plaintiff's invasion of privacy claim against BEC.

### Intentional/Negligent Infliction of Emotional Distress (Count XI)

The Magistrate Judge recommend dismissing Plaintiff's claims for both Negligent Infliction of Emotional Distress ("NEID") and Intentional Infliction of Emotional Distress ("IIED").

The Court finds that the Magistrate Judge ably addressed the issues and correctly found that Plaintiff's NEID and IIED claims must be dismissed. As it concerns NEID, the Magistrate Judge correctly noted that such a claim pertains to bystanders only. *See, e.g.*, *Alonso v. McAllister Towing of Charleston, Inc.*, 595 F. Supp. 2d 645, 650 (D.S.C. 2009); *Doe v. Greenville County School Dist.,* 375 S.C. 63, 67, 651 S.E.2d 305, 307 (2007) ("In order to prevail on this cause of action, a plaintiff must show that: (a) the negligence of the defendant caused death or serious physical injury to another; (b) the plaintiff bystander was in close proximity to the accident; (c) the plaintiff and the victim are closely related; (d) the plaintiff contemporaneously perceived the accident; and (e) the plaintiff's emotional distress manifests itself by physical symptoms capable of objective diagnosis and be established by expert testimony."). As to IIED, the Magistrate Judge correctly concluded that Plaintiff had not alleged BEC acted in an "extreme and outrageous" manner toward *her*. *Argoe v. Three Rivers Behav. Health, L.L.C.*, 392 S.C. 462, 475, 710 S.E.2d

67, 74 (2011) ("In order to recover for [IIED], a plaintiff must establish the following: (1) the defendant intentionally or recklessly inflicted severe emotional distress, or was certain, or substantially certain, that such distress would result from his conduct; (2) the conduct was so 'extreme and outrageous' so as to exceed 'all possible bounds of decency' and must be regarded as 'atrocious, and utterly intolerable in a civilized community;' (3) the actions of the defendant caused plaintiff's emotional distress; and (4) the emotional distress suffered by the plaintiff was 'severe' such that 'no reasonable man could be expected to endure it.'").  As detailed in the R&R, Plaintiff "alleges that the meter reader worked with officers, at the instruction of law enforcement, to search the neighbor's home, and the meter reader searched Plaintiff's home with her permission. Without more, the meter reader's alleged conduct cannot reasonably be regarded as so 'extreme and outrageous' as to exceed 'all possible bounds of decency,' nor could it be regarded as 'atrocious' or 'utterly intolerable in a civilized community.'" (Dkt. No. 37 at 12). Plaintiff objected to this section of the R&R.

The Court overrules Plaintiff's objections.  As to IIED, while Plaintiff "does not dispute that Plaintiff granted permission for officers to search her home," Plaintiff argues that she did not consent to BEC's unlawful search of her neighbor's home. (Dkt. No. 42 at 8).  For the reasons already noted *supra*, however, Plaintiff's reliance on the alleged wrongs of BEC toward third parties in support of her claims is misplaced. As to NEID, Plaintiff presents no substantive argument for finding that NEID applies beyond bystander recovery. *See, e.g.*, *Rega v. Rega*, No. CV 1:19-259-JMC-PJG, 2020 WL 5747885, at *6 (D.S.C. Sept. 25, 2020) ("In South Carolina, a claim for negligent infliction of emotional distress is limited to scenarios of "bystander liability[.]"), *report and recommendation adopted*, No. 1:19-CV-00259-JMC, 2020 WL 7706620 (D.S.C. Dec. 28, 2020).

Accordingly, Plaintiff's objections are overruled, and the Court dismisses Plaintiff's claims for NEID and IIED against BEC.

**Conspiracy Claim (Count XIII)**

Last, the Magistrate Judge recommended dismissing Plaintiff's conspiracy claim.

Under South Carolina law, "a plaintiff asserting a civil conspiracy claim must establish (1) the combination or agreement of two or more persons, (2) to commit an unlawful act or a lawful act by unlawful means, (3) together with the commission of an overt act in furtherance of the agreement, and (4) damages proximately resulting to the plaintiff." *Jinks v. Sea Pines Resort, LLC*, No. 9:21-CV-00138-DCN, 2021 WL 4711408, at *3 (D.S.C. Oct. 8, 2021) (citing *Paradis v. Charleston Cty. Sch. Dist.*, 861 S.E.2d 774, 780 (S.C. 2021) (abolishing requirement to plead special damages)). "A claim for civil conspiracy must allege additional acts in furtherance of a conspiracy rather than reallege other claims within the complaint." *Hackworth v. Greywood at Hammett, LLC*, 385 S.C. 110, 682 S.E.2d 871, 874 (2009); *Kuznik v. Bees Ferry Assocs.*, 538 S.E.2d 15, 21 (S.C. Ct. App. 2001) ("Because [the third party plaintiff] ... merely realleged the prior acts complained of in his other causes of action as a conspiracy action but failed to plead additional facts in furtherance of the conspiracy, he was not entitled to maintain his conspiracy cause of action.").

The Court finds that the Magistrate Judge ably addressed the issues and correctly determined that Plaintiff's conspiracy claim must be dismissed because, in violation of *Paradis* and other binding case law, Plaintiff fails to plead "facts in furtherance of the conspiracy sperate and independent from other wrongful acts alleged in the complaint." (Dkt. No. 37 at 14); *Coker v. Norwich Com. Grp., Inc.*, No. CV 3:20-03071-MGL, 2021 WL 4037472, at *5–6 (D.S.C. Sept. 3, 2021) (granting motion to dismiss civil conspiracy claim upon finding that plaintiff "merely

reincorporated his previous claims and added conclusory allegations the Individual Defendants were engaged in a civil conspiracy"); *Jinks*, 2021 WL 4711408, at *3 ("The parties do not argue in their supplemental briefings that *Paradis* abolished this pleading requirement, and the court is satisfied that it did not.") (citing *Paradis*, 861 S.E.2d at 779–80 (explaining that the court in *Todd v. S.C. Farm Bureau Mut. Ins.*, 278 S.E.2d 607 (S.C. 1981) "correctly concluded the civil conspiracy claim failed as a matter of law" where the "only wrongful acts alleged were those for which damages had already been sought" and "the plaintiff's repetition of the same acts as the prior claims was insufficient to salvage the claim")). While Plaintiff objected to this finding, Plaintiff's objections repeat arguments already advanced in opposition to BEC's motion to dismiss and, further, present no cogent reasoning disputing the Magistrate Judge's findings. *Compare* (Dkt. No. 42 at 9-13) (admitting that "Plaintiff has alleged similar facts in her cause of action for conspiracy as her other causes of action") *with* (Dkt. No. 32 at 6-9). Accordingly, Plaintiff's objections are overruled, *see Howard v. Saul,* 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"), and the Court dismisses Plaintiff's conspiracy claim against BEC.

-11-

**IV.    Conclusion**

For the foregoing reasons, the Court **ADOPTS** the R&R, (Dkt. No. 37), as the Order of the Court, and **GRANTS** Defendant BEC's motion to dismiss, (Dkt. No. 27).  Defendant BEC is dismissed as a party defendant from this action.

**AND IT IS SO ORDERED.**

<u>Richard Mark Gergel</u>
Richard Mark Gergel
United States District Judge

December 16, 2021
Charleston, South Carolina