IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Amanda Land, | Case No. 2:21-cv-1883-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Brooks Barlow, in his official and individual capacities, *et al.*, | |
| Defendants. | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 38) recommending that the Court grant in part and deny in part motions to dismiss filed by Defendants Brooks Barlow, Rick Ollic, and the Town of Moncks Corner (the "Moncks Corner Defendants"), (Dkt. No. 26), and Defendants Berkeley County Sheriff's Office and Sheriff Duane Lewis (collectively, the "Sheriff Defendants"), (Dkt. No. 28). For the reasons set forth below, the Court adopts the R&R as the Order of the Court and grants in part and denies in part the Moncks Corner and Sheriff Defendants' respective motions to dismiss.

I.  **Background and Relevant Facts**

In her Second Amended Complaint ("SAC"), Plaintiff alleges that around May 23, 2018, Defendants Detective Brooks Barlow, Sheriff Duane Lewis, Chief Rick Ollic, the Town of Moncks Corner ("Moncks Corner"), and the Berkeley County Sheriff's Office ("BCSO") worked with a Berkeley Electric Cooperative, Inc. ("BEC") meter-reader to enter the property of Plaintiff's neighbor and conduct a warrantless search for marijuana. During the search of the neighbor's property, Defendants asked to search Plaintiff's property. Plaintiff consented and Barlow and BEC's employee searched Plaintiff's home. Though no evidence of marijuana was found, nor anything seized from Plaintiff's property, Plaintiff was arrested and incarcerated by BCSO and

-2-

Moncks Corner based on evidence and information obtained through the search of the neighbor's property. Agents of BCSO and Moncks Corner held charges against Plaintiff for three years before dismissing them around April 2021. (Dkt. No. 22 ¶¶10-16).

Plaintiff brings thirteen causes of action against the Moncks Corner and Sheriff Defendants: (I) a claim under 42 U.S.C. § 1983 for excessive force "in violation of the Fourth and/or Eighth and Fourteenth Amendments"; (II) a § 1983 claim for unlawful search and seizure in violation of the Fourth Amendment; (III) a § 1983 claim for abuse of process in violation of the Fourth and Fourteenth Amendments; and state law claims for (IV) negligence/gross negligence; (V) assault; (VI) battery; (VII) false imprisonment; (VIII) false arrest; (IX) malicious prosecution; (X) invasion of privacy; (XI) intentional/negligent infliction of emotional distress; (XII) slander/libel/defamation; and (XIII) conspiracy.

On August 26, 2021, the Moncks Corner Defendants filed a motion to dismiss, (Dkt. No. 26), which Plaintiff opposes, (Dkt. No. 31).

On August 27, 2021, the Sheriff Defendants filed a motion to dismiss, (Dkt. Nos. 28, 35), which Plaintiff also opposes, (Dkt. No. 33).

On November 17, 2021, the Magistrate Judge filed an R&R recommending that both motions be granted in part and denied in part. (Dkt. No. 38). Plaintiff filed timely objections. (Dkt. No. 41).

The Moncks Corner and Sheriff Defendants' respective motions to dismiss are fully briefed and ripe for disposition.

## II.   Legal Standards

### a.   Fed. R. Civ. P. 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." A claim survives the motion if the complaint provides enough facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This is a test of the legal sufficiency of the complaint and, therefore, Rule 12(b)(6) "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Instead, the district court's "inquiry then is limited to whether the allegations constitute a short and plain statement of the claim showing that the pleader is entitled to relief." *Id*. (internal quotation marks and citation omitted). For that analysis, the district court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments"; however, it must "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

### b. The Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in

order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiff filed objections to the R&R, the R&R is reviewed *de novo*.

## III.  Discussion[1]

After a careful review of the R&R, the SAC, and Plaintiff's objections, the Court finds that the Magistrate Judge correctly—and in a detailed, nearly thirty-page R&R—determined that the Moncks Corner and Sheriff Defendants' respective motions to dismiss should be granted in part and denied in part. Specifically, the Magistrate Judge correctly recommended the following claims be dismissed:

    (1) Counts I, II, and III be dismissed as against BCSO and Lewis in his official capacity;

    (2) Counts IV (Negligence) and XII (Defamation) be dismissed as against Ollic, Lewis, and Barlow;

    (3) Counts V (Assault), VI (Battery), X (Invasion of Privacy), and XI (Negligent Infliction of Emotional Distress) be dismissed as against all Moncks Corner Defendants and Sheriff Defendants;

    (4) Counts VII (False Imprisonment) and VIII (False Arrest) be dismissed as against Lewis, Ollic, and Barlow in their official capacities;

    (5) Counts IX (Malicious Prosecution) and XI (Intentional Infliction of Emotional Distress) be dismissed as against BCSO and Moncks Corner, and as against the individual Defendants in their official capacities; and

    (6) Count XIII (Conspiracy) be dismissed as against BCSO and Sheriff Lewis, and as against Ollic and Barlow in their official capacities.

Accordingly, Plaintiff's remaining claims are:

---

[1] The Court views all well-pled factual allegations in the SAC in a light most favorable to Plaintiff, the nonmoving party.

(a) Counts I,² II, and III against Sheriff Lewis in his individual capacity and the Moncks Corner Defendants;

(b) Count IV (Negligence/Gross Negligence) against BCSO and Moncks Corner;

(c) Counts VII (False Imprisonment) and VIII (False Arrest) against BCSO, Moncks Corner, and Barlow, Lewis, and Ollic in their individual capacities only;

(d) Counts IX (Malicious Prosecution) and XI (IIED only) against Barlow, Lewis, and Ollic in their individual capacities only;

(e) Count XII (Defamation) against BCSO and Moncks Corner; and

(f) Count XIII (Conspiracy) against Moncks Corner and Ollic and Barlow in their individual capacities only.

Plaintiff objected to many of the R&R's findings. (Dkt. No. 41 at 1-2).³ The Court addresses, however, only the claims to which Plaintiff properly objected.

---

² Count I against Sheriff Lewis in his individual capacity is only under the Fourth Amendment.

³ "Plaintiff objects to the following recommendations: (1) that Counts I, II, and III be dismissed against BCSO and Lewis in his official capacity, (2) that Counts IV (Negligence) and XII (Defamation) be dismissed as against Ollic, Lewis, and Barlow, (3) that Counts V (Assault) VI (Battery) X (Invasion of Privacy) XI (Negligent Infliction of Emotional Distress) be dismissed as against all Moncks Corner Defendants and Sheriff Defendants, (4) that Counts VII (False Imprisonment) VIII (False Arrest) be dismissed against Lewis, Ollic, and Barlow in their official apacities, (5) that Counts IX (Malicious Prosecution) and XI (Intentional Infliction of Emotional Distress) be dismissed against BCSO and Moncks Corner, and as against the individual defendants in their official capacities, and, (6) that Count XIII (Conspiracy) be dismissed as against BCSO and Sheriff Lewis, and as against Ollic and Barlow in their official capacities." (Dkt. No. 41 at 1-2) (objecting, therefore, to all claims which the Magistrate Judge recommended be dismissed). While Plaintiff's objections are numerous, most lack substantive argument, expressing only disagreement with settled law or the application of that law to this case. *See, e.g.*, (Dkt. No. 41 at 3) (stating Plaintiff disagrees with a particular Fourth Circuit case—a case the Magistrate Judge duly applied in finding that Plaintiff's federal claims must be dismissed against certain defendants—and citing to a Fifth Circuit case which came to a contrary conclusion and which the Magistrate Judge acknowledged but properly declined to apply); (*Id.* at 5) (objecting to the dismissal of Plaintiff's federal claims pursuant to the Eighth Amendment, stating Plaintiff has a right to be free from "cruel and unusual punishment," but failing to substantively dispute the Magistrate Judge's axiomatic finding that the Eighth Amendment applies only to those convicted of crimes). Accordingly, the Court considers in detail herein only those objections stated with sufficient specificity and which do not rehash arguments already advanced in opposition to the

**The Magistrate Judge Correctly Recommended that Plaintiff's Claims for Assault (Count V) and Battery (Count VI) Be Dismissed as Time Barred.**

In their motions, the moving defendants separately argued that most of Plaintiff's state-law claims were time barred and should be dismissed as such. Reading all facts in a light most favorable to Plaintiff, however, the Magistrate Judge found that only Plaintiff's claims for assault and battery were subject to dismissal on such grounds. Plaintiff objected to this finding, arguing that "it is clear Plaintiff could not have known of the issues with the warrant until Plaintiff was informed by the Assistant Solicitor F. Alexander Myers via email that 'DEU instructed the meter reader to go on the defendant's property and search for marijuana without a warrant.' It would have been impossible for Plaintiff to know of these revelations at the time of her arrest as Defendants were less than forthcoming with that information." (Dkt. No. 41 at 6-8).

Claims brought under the South Carolina Tort Claims Act ("SCTCA"), absent exceptions not applicable here, are subject to a two-year statute of limitations period. S.C. Code Ann. § 15-78-110.

In general, courts do not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses" through a Rule 12(b)(6) motion. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). The purpose of the rule is to ensure that defendants are "given adequate notice of the nature of a claim" made against them. *Twombly*, 550 U.S. at 555–56 (2007).

---

pending motions to dismiss. *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007) (In order for an objection to trigger *de novo* review, it must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."). The Court does this because "[g]eneral or conclusory objections . . . are not proper; [and] are in fact considered the equivalent of a waiver." *Allen M. v. Berryhill*, No. 7:17-CV-266, 2018 WL 4604572, at *1 (W.D. Va. Sept. 25, 2018). "Likewise, an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object." *Id.*

But, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc); *accord Pressley v. Tupperware Long Term Disability Plan*, 533 F.3d 334, 336 (4th Cir. 2009); *see also U.S. ex rel. Oberg v. Penn. Higher Educ. Assistance Agency*, 745 F.3d 131, 148 (4th Cir. 2014). However, because Rule 12(b)(6) "is intended [only] to test the legal adequacy of the complaint," *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993), "[t]his principle only applies ... if all facts necessary to the affirmative defense 'clearly appear[ ] on the face of the complaint.'" *Goodman*, 494 F.3d at 464 (quoting *Forst*, 4 F.3d at 250).

The Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Plaintiff's claims for assault and battery are subject to dismissal. Even reading the SAC in a light most favorable to Plaintiff, the Magistrate Judge correctly found that all facts pertinent to these claims were known or should have been known to Plaintiff in May 2018. As stated in the R&R:

> Plaintiff's allegations regarding her Assault and Battery claims show that the actions about which she complains were taken wholly within the scope of the individual Defendants' official duties and occurred on or near May 23, 2018. *See* ECF No. 22 at ¶ 77–79 (assault claim alleging that the "conduct and acts undertaken by Defendants, as alleged herein, placed Plaintiff in reasonable fear of imminent bodily harm, which was, in fact, actually realized upon Plaintiff's body"); *id.* at ¶¶ 81–85 (battery claim alleging that "Defendants, without cause or provocation willfully, unlawfully, and in reckless disregard of Plaintiff's rights, battered and/or caused battery upon Plaintiff against Plaintiff's will with great force and violence").

(Dkt. No. 38 at 14-15); *see also* (*id.* at 15-17) (finding that the remainder of Plaintiff's state law claims, including—*inter alia*—claims for false imprisonment, false arrest, and malicious prosecution—were not currently subject to dismissal as time barred). Plaintiff's objection that she could not have known "of the issues with the warrant" until 2021 miss the mark. Unlike, for

example, her false arrest claim, Plaintiff's assault and battery claims concern actions which occurred only on or around May 23, 2018. Accordingly, Plaintiff's objections as to the dismissal of these two claims are overruled.

**The Magistrate Judge Properly Recommended that Plaintiff's Claim for Negligent Infliction of Emotional Distress Be Dismissed.**

In the R&R, the Magistrate Judge recommended dismissing Plaintiff's claim for negligent infliction of emotional distress ("NIED") against all Defendants, finding the claim concerned bystander liability only. Plaintiff objected to this finding. (Dkt. No. 41 at 8-10). Plaintiff argues that language in *Doe v. Greenville Cty. Sch. Dist.*, 375 S.C. 63 (2007) permits NIED claims to proceed outside the bystander context.

To establish a claim for negligent infliction of emotional distress a plaintiff must establish: defendant's negligence caused death or serious injury to another, plaintiff was a bystander in close proximity to the accident, plaintiff and the victim were closely related, plaintiff witnessed the incident and plaintiff must exhibit physical manifestations of emotional distress that can be established by expert testimony. *Toney v. LaSalle Bank Nat. Ass'n*, 896 F. Supp. 2d 455, 479 (D.S.C. 2012), *aff'd*, 512 F. App'x 363 (4th Cir. 2013) (citing *Kinard v. Augusta Sash & Door Co.,* 286 S.C. 579, 336 S.E.2d 465, 467 (1985)); *Kinard*, 286 S.C. at 582 & n.2 (adopting the tort of NIED and stating, in a footnote, that "Our adoption of the cause of action is limited to 'by-stander recovery.' We express no opinion as to whether the action is viable in other factual settings"). Courts considering NIED claims have consistently found such claims to be limited to bystander recovery. *See, e.g.*, *Rega v. Rega*, No. CV 1:19-259-JMC-PJG, 2020 WL 5747885, at *6 (D.S.C. Sept. 25, 2020) ("In South Carolina, a claim for negligent infliction of emotional distress is limited to scenarios of 'bystander liability[.]'"), *report and recommendation adopted*, No. 1:19-CV-

00259-JMC, 2020 WL 7706620 (D.S.C. Dec. 28, 2020). In *Doe*, the South Carolina Supreme Court stated *Kinard* stood for the proposition that a claim for NIED is "strictly limited" to the "bystander liability" scenario. 375 S.C. at 67. After noting that the court had not "defined the parameters of a cause of action for [NIED] arising out of any injury to someone other than the plaintiff," the court concluded that "[b]ecause South Carolina courts have limited the recognition of negligent infliction of emotional distress claims in circumstances such as the one presented in this case to bystander liability, Mr. and Mrs. Doe have not stated a claim which is cognizable under South Carolina law." *Id.* at 68 (affirming dismissal of claims where Mr. and Mrs. Doe discovered that their daughter had been abused by a teacher and brought individual claims based on these events for NIED).

The Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Plaintiff's NIED should be dismissed. As shown by the case law discussed *supra*, the South Carolina Supreme Court has explicitly and repeatedly limited NIED claims to situations where a plaintiff is a bystander to an accident. The *Doe* court's statement that the Supreme Court had not "otherwise defined the parameters of a cause of action for the negligent infliction of emotional distress arising out of an injury to someone other than the plaintiff" does nothing to bolster Plaintiff's argument. To the contrary, read in context, this language emphasizes the *Doe* court's pronouncement that NIED claims are limited to bystander recovery. Accordingly, Plaintiff's objections are overruled on this point.

**The Magistrate Judge Correctly Recommended that Plaintiff's Conspiracy (Count X) Claim Be Dismissed in Part.**

In the R&R, the Magistrate Judge recommended granting the Sheriff Defendants' request that Plaintiff's conspiracy claim be dismissed in part. Plaintiff objects to this finding. Plaintiff

takes issue with the fact that, to properly allege a conspiracy claim, a Plaintiff must plead "additional facts in furtherance of the conspiracy separate and independent from other wrongful acts alleged of in the complaint." Plaintiff argues this requirement is "unfair," and a "vague [and] confusing technical requirement" which she should be excused from fulfilling. (Dkt. No. 41 at 13). Plaintiff also argues that *Paradis v. Charleston Cty. Sch. Dist.*, 861 S.E.2d 774, 875 (S.C. 2021), *reh'g denied*, (Aug. 18, 2021), a recent South Carolina Supreme Court modifying the pleading requirements for conspiracy claims, abolished the above requirement. In so arguing, however, Plaintiff neither cites nor analyzes specific language in *Paradis* confirming or otherwise supporting this argument.

Under South Carolina law, "a plaintiff asserting a civil conspiracy claim must establish (1) the combination or agreement of two or more persons, (2) to commit an unlawful act or a lawful act by unlawful means, (3) together with the commission of an overt act in furtherance of the agreement, and (4) damages proximately resulting to the plaintiff." *Jinks v. Sea Pines Resort, LLC*, No. 9:21-CV-00138-DCN, 2021 WL 4711408, at *3 (D.S.C. Oct. 8, 2021) (citing *Paradis*, 861 S.E.2d at 780 (abolishing requirement to plead special damages)). "A claim for civil conspiracy must allege additional acts in furtherance of a conspiracy rather than reallege other claims within the complaint." *Hackworth v. Greywood at Hammett, LLC*, 385 S.C. 110, 682 S.E.2d 871, 874 (2009); *Kuznik v. Bees Ferry Assocs.*, 538 S.E.2d 15, 21 (S.C. Ct. App. 2001) ("Because [the third party plaintiff] ... merely realleged the prior acts complained of in his other causes of action as a conspiracy action but failed to plead additional facts in furtherance of the conspiracy, he was not entitled to maintain his conspiracy cause of action.").

The Court overrules Plaintiff's objection. As noted above, Plaintiff does not dispute in any detail that *Paradis*, while abolishing the requirement that a plaintiff plead "special damages,"

preserved the requirement that a Plaintiff allege "facts in furtherance of the conspiracy separate and independent from other wrongful acts alleged in the complaint" to state a claim. *See Jinks*, 2021 WL 4711408, at *3 ("The parties do not argue in their supplemental briefings that *Paradis* abolished this pleading requirement, and the court is satisfied that it did not.") (citing *Paradis*, 861 S.E.2d at 779–80 (explaining that the court in *Todd v. S.C. Farm Bureau Mut. Ins.*, 278 S.E.2d 607 (S.C. 1981) "correctly concluded the civil conspiracy claim failed as a matter of law" where the "only wrongful acts alleged were those for which damages had already been sought" and "the plaintiff's repetition of the same acts as the prior claims was insufficient to salvage the claim")). Accordingly, Plaintiff's objection is overruled.

## IV.   Conclusion

For the foregoing reasons, the Court **ADOPTS** the R&R, (Dkt. No. 38), as the Order of the Court, and **GRANTS IN PART AND DENIES IN PART** the Moncks Corner Defendants, (Dkt. No. 26), and the Sheriff Defendants, (Dkt. No. 28), respective motions to dismiss. The motions are granted to the extent that the following claims are dismissed:

  (1) Counts I, II, and III are dismissed as against BCSO and Lewis in his official capacity;

  (2) Counts IV (Negligence) and XII (Defamation) are dismissed as against Ollic, Lewis, and Barlow;

  (3) Counts V (Assault), VI (Battery), X (Invasion of Privacy), and XI (Negligent Infliction of Emotional Distress) are dismissed as against all Moncks Corner Defendants and Sheriff Defendants;

  (4) Counts VII (False Imprisonment) and VIII (False Arrest) are dismissed as against Lewis, Ollic, and Barlow in their official capacities;

  (5) Counts IX (Malicious Prosecution) and XI (Intentional Infliction of Emotional Distress) are dismissed as against BCSO and Moncks Corner, and as against the individual Defendants in their official capacities; and

       (6) Count XIII (Conspiracy) are dismissed as against BCSO and Sheriff Lewis, and as against Ollic and Barlow in their official capacities.

Plaintiff's remaining claims are:

    (a) Counts I,[4] II, and III (§ 1983) against Sheriff Lewis in his individual capacity and the Moncks Corner Defendants;

    (b) Count IV (Negligence/Gross Negligence) against BCSO and Moncks Corner;

    (c) Counts VII (False Imprisonment) and VIII (False Arrest) against BCSO, Moncks Corner, and Barlow, Lewis, and Ollic in their individual capacities only;

    (d) Counts IX (Malicious Prosecution) and XI (IIED only) against Barlow, Lewis, and Ollic in their individual capacities only;

    (e) Count XII (Defamation) against BCSO and Moncks Corner; and

    (f) Count XIII (Conspiracy) against Moncks Corner and Ollic and Barlow in their individual capacities only.

**AND IT IS SO ORDERED.**

                                              s/ Richard Mark Gergel
                                              Richard Mark Gergel
                                              United States District Judge

December 20, 2021
Charleston, South Carolina

---

[4] Count I against Sheriff Lewis in his individual capacity is only under the Fourth Amendment.